MARGARET HETZEL

*vs.*

THE BALTIMORE AND OHIO RAILROAD COMPANY.

LAW. No. 15,713.

{ Decided December 1, 1884.
{ The CHIEF JUSTICE and Justices' MAC ARTHUR and JAMES sitting.

Where a party makes a motion for a new trial within four days after the rendition of the verdict, he is entitled to have his motion passed upon by the court, and if, in the meantime, judgment has been entered, it remains subject to be set aside if a new trial be granted. So, too, with the motion in arrest of judgment if made in proper time. The fact that no suspending undertaking or bond is given, cannot affect the right to have those motions passed upon by the court. The giving of this suspending bond is not a condition precedent to the motion. The party takes only the risk of an execution being issued and a levy and sale made in the meantime. But if the motion for a new trial and the motion in arrest of judgment have been heard, and pending these motions, no levy has been made, then, if the party appeal and give his appeal bond, all further proceedings under the execution are stayed.

### STATEMENT OF THE CASE.

MOTION to direct the marshal to suspend execution.

The verdict in this case was rendered June 5, 1884, and judgment was entered thereon on the same day.

On June 7, 1884, a motion for a new trial was filed. On July 9, 1884, a writ of execution was issued. On July 14, 1884, the defendant moved to quash the writ of execution and to vacate the judgment. Both motions were argued and overruled on the 19th day of July, 1884. Thereupon, the defendant immediately filed a motion in arrest of judgment. This motion was also overruled; whereupon the defendant appealed, and gave an appeal bond which was approved. The questions involved in the case are the construction to be given the 62d and 69th rules of court, and whether, by the proceedings in this case, the writ of execution was suspended.

The rules of court in question are as follows :

"RULE 62. No motion for a new trial on a bill of exceptions shall suspend the entry of judgment, or the issuing

and levy of execution; but a stay of execution shall be entered if the party making the motion shall, within ten days after judgment, execute and file in the cause an undertaking with one or more sureties, to be approved by the court, or a justice thereof, in the form provided for in Rule No. 91 in cases of appeal, and the court may, upon cause shown and notice, stay execution within the ten days and enlarge the time for filing the undertaking.

"No motion for a new trial for any other cause shall suspend the entering of judgment and issuing of execution, unless the party moving shall, within ten days after verdict, execute and file in the cause an undertaking, with one or more sureties, to be approved by the court or a justice thereof.

"RULE 69. If a motion for a new trial, under second paragraph of Rule 60, or a motion for a new trial on exceptions entertained by the judge who tried the case under the first paragraph of Rule 60, be overruled, and the court decide that the verdict shall stand, then the party may move in arrest of judgment.

"This motion shall be made in writing, signed by counsel, and be made of record on the minutes of the court, and it shall state the reason or reasons relied upon in support of it. If several reasons be assigned, they shall be set forth separately, and each shall be numbered.

"No motion in arrest of judgment shall suspend the entry of judgment and issuing and levy of execution, unless a similar undertaking to that hereinbefore provided in the case of motions for a new trial be executed and filed by the party moving. In case the motion be overruled, the party moving may appeal to the General Term, in which event he may further stay execution by executing and filing the undertaking prescribed in cases of appeals, which shall supersede the undertaking originally filed."

Rule 60, referred to in the foregoing rule, is as follows:

"RULE 60. Motions for a new trial, which are designed to set aside a verdict and procure a new trial of a case, are of two kinds, to wit:

"1. Those which are grounded upon alleged errors of law

by the justice presiding, in his rulings during the trial in admitting or excluding evidence, or in his instructions to the jury; these motions must be made upon a bill of exceptions, and are to be heard in the General Term in the first instance. But the justice who tried the cause may, in his discretion, entertain a motion on exceptions taken at the trial, to set aside the verdict for error in law.

"2. Those which are grounded upon the following and similar allegations:

"(1.) That the party moving for a new trial had no notice and did not appear at the trial.

"(2.) Misbehavior of the successful party.

"(3.) Misbehavior of the jury.

"(4.) That the verdict is contrary to the evidence.

"(5.) That the verdict is unreasonable or uncertain.

"(6.) That the verdict was obtained' by surprise.

"(7.) That a new and material fact, unknown at the time of the trial, and not ascertainable by reasonable diligence by the party moving, has come to light since trial, and the like.

"These motions are addressed to the discretion of the justice presiding at the trial, and are not appealable."

FRANK W. HACKETT for plaintiff.

MERRICK & MORRIS for defendant.

Mr. Justice JAMES delivered the opinion of the court.

This motion involves a construction of the rules relating to new trials and in arrest of judgment. We have found it difficult to harmonize the seemingly conflicting provisions of these rules, and we are therefore very happy to learn that the court is to be offered an opportunity to act upon a proposed revision of them which the gentlemen of the Bar Association have undertaken to draft.

We think, however, that the rule relating to new trials, as it stands, in the first place, allows four days for making such motion. That motion was made in this case two days after the verdict was rendered. It appears, however, to be

a long continued practice in the circuit court, to enter the judgment immediately upon the rendition of the verdict, or at least upon the same day. Now, whether the common law rule, that judgment shall not be entered upon the verdict until four days have first elapsed, is in force in this District or not, we have no doubt that at whatever period the judgment is entered, a party preserves all his rights by making his motion for a new trial within four days after verdict, and if the judgment has been in the meantime entered, it remains subject to be set aside if a new trial be granted. Rule 62 provides that the making of a motion for a new trial shall not suspend the entry of judgment unless an undertaking with sureties be given. None was given in this case, but the motion remained pending for nearly a month, when it was heard and overruled. Thereupon a motion in arrest of judgment was filed. This was also overruled, and the plaintiff then appealed, giving an appeal bond with sureties approved by the court. We hold that the judgment, which was entered immediately on the rendition of the verdict, was entered subject to the enforcement of all the rights of the plaintiff to have his motions for a new trial and in arrest of judgment acted upon by the court, for a party has as much right to contest the propriety of the judgment as he has to the right of trial by jury, and the fact that the judgment was entered on the same day with the verdict cannot impair that right. The fact that no suspending undertaking or bond was given while the motion for a new trial and the motion in arrest of judgment were pending, could not affect the right to have those motions passed upon by the court. The giving of this suspending bond is not a condition precedent to the motion. The motion may be made, and if the undertaking be not given, the party takes the risk of an execution being issued, and a levy and sale made in the meantime. But if the motion for a new trial and the motion in arrest of judgment have been heard and refused, and pending these motions no levy has been made, then, if the party appeal and give his appeal bond, all further proceedings under the execution are stayed.

This was the method of proceeding in this case. When the motions for a new trial and in arrest of judgment were overruled, the plaintiff appealed and gave a bond approved by the court. When the bond was given the judgment had been entered and execution had issued, but no levy had yet been made. We are of opinion that this appeal bond stopped everything where it found it the moment it was given, and consequently arrested further proceedings under the execution. If it is necessary to make any definite order, it will be that the execution issued in this case stand arrested until the hearing of the appeal now pending.